## James J. Boyce and another v. Solomon S. Stambaugh.

*Evidence: U. S. land patent: Transcript of record: Certificate.* A transcript of the record of a United States patent of lands, certified by the commissioner of the general land office to be "a true and literal exemplification from the record in this office," is held to be sufficiently certified under the United States statute (*Rev. Stat.*, p. 168, § 891, p. 454, §§ 2469-70) to be admitted in evidence.

*Evidence: Deeds: Ejectment.* It is no valid objection to the admission in evidence of a deed to the plaintiff from one who is shown to have been sole heir of the grantor in a previous deed, in plaintiff's chain of title, which was defective, that such later deed recited that it was given to supply the defect in the prior deed, and that such prior deed had not been produced and proved; the recital did not detract from the force of the later deed, and if the prior deed was valid, plaintiff had the title through it, and if not, then the later deed transferred it.

*Submitted on briefs June 9.     Decided June 21.*

Error to St. Clair Circuit.

*Frank Whipple* and *A. E. Chadwick*, for plaintiffs in error.

*C. W. Everett* and *Mitchell & Avery*, for defendant in error.

MARSTON, J:

This was an action of ejectment. Plaintiff below, defendant in error, upon the trial offered in evidence an exemplified transcript of the record of a patent of the lands in question, from the United States to Francis G. Macy, certified to by the commissioner of the general land office, to which defendants' counsel objected, because the same was not properly certified to. We think the objection was not well taken. The certificate was in the usual form, and such as was authorized by the laws of the United States.— *Rev. Stat.*, p. *168*, § *891*, p. *454*, §§ *2469, 2470*.

Plaintiff's counsel also offered in evidence the record of a deed purporting to be executed by Francis G. Macy and wife, of Erie county, New York, to George Hussey *et al.* This deed was dated September 10, 1836, and purported to have been acknowledged in the state of New York, October 1, 1836. The record disclosed but one subscribing witness. Defendants' counsel objected to the reading of the record of this deed in evidence. Plaintiff further introduced deeds from Hussey *et al.*, the grantees in the Macy deed, to Frances Crawford, and from the latter to himself. He also introduced the deposition of Charlotte P. Beardsley, who testified that Francis G. Macy resided at Buffalo, New York,.

during the years 1835 and 1837; that he died in May, 1858, and that she was the sole surviving heir of said Francis G. Macy.    Counsel then introduced a deed dated October 15, 1874, from said Charlotte P. Beardsley to plaintiff, of the premises in question.    This deed contained a recital that the object in making it was to supply a defect in a deed for the same land from Francis G. Macy and wife to George Hussey, dated September 10, 1836, and recorded in Liber E, page 224, of deeds for St. Clair county, Michigan.

Defendants' counsel objected to the reading of this deed, because the deed referred to therein had not been produced and proven; that there was no evidence of title in the grantor, and because it did not purport to convey the fee of the land in question, although describing it.

These objections were not well taken.    It was of no sort of consequence whether the deed referred to therein had been produced and proven or not.    The reference was not necessary to supply any defect in this last deed.    It was complete without it.    The land was properly described therein, and the grantor, in consideration of one hundred dollars, bargained, sold and quit-claimed the same to the plaintiff.    This conveyance, therefore, without any reference to the deed referred to therein, properly passed any title remaining in Mrs. Beardsley, as heir of Macy, to the lands therein described.    This deed and the evidence of Mrs. Beardsley having been introduced, it became of no importance whether the deed from Francis G. Macy, of September 10, 1836, was valid or not.    If it was, the plaintiff traced title therefrom to himself.    If not, the title remained in Macy, and after his death the conveyance from Mrs. Beardsley, as sole heir, passed the title to plaintiff.    In either case plaintiff had traced title to the premises in dispute from the United States to himself.

There being no error, the judgment must be affirmed, with costs, and the record remanded for further proceedings.

The other Justices concurred.